[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11649

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60595-JIC

ISLAND CITY LOFTS, L.L.C.,
a Florida limited liability company,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2011)

Before TJOFLAT and BARKETT, Circuit Judges, and STEELE,[*] District Judge.

PER CURIAM:

_____

[*] Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Island City Lofts, LLC ("ICL") appeals the dismissal of its Federal Torts Claims Act ("FTCA") action against the United States and the United States Postal Service.[1] ICL alleged that it sent a letter by certified mail to a purchaser who had entered into a purchase and sale agreement for an ICL condominium. The return receipt ICL received contained a signature on the line reserved for the letter's addressee, leading ICL to believe that the purchaser had received the letter. As a result, ICL did not take any further action to notify the purchaser of the information set forth in the letter. The letter carrier, however, had forged the purchaser's signature; the purchaser never actually received the letter. This ultimately allowed the purchaser to rescind the purchase and sale agreement, causing ICL to suffer economic damages in the form of lost profits from the failed condominium sale.

Although the FTCA waives the United States' sovereign immunity for some torts, there are several exceptions to this waiver, see 28 U.S.C. § 2680, two of which are relevant here. First, § 2680(h) provides that the FTCA does not apply to "[a]ny claim arising out of . . . misrepresentation." Second, § 2680(b) provides

---

[1] We review the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo , accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

that the FTCA does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

If either of these exceptions apply, ICL's claims are barred. We conclude that the misrepresentation exception applies because the damages ICL sought arose from its reliance on the letter carrier's misrepresentation that the purchaser had actually received ICL's letter. See Block v. Neal, 460 U.S. 289, 295 (1983) (stating that the misrepresentation exception in § 2680(h) applies to a claim in which the plaintiff "allege[s] no injury that he would have suffered independently of his reliance on the erroneous [representation]"). Accordingly, although we believe that the postal service exception also applies, we need not address that issue.

**AFFIRMED**.